IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANTONIO MICHAEL SMITH,  )
                        )
    Movant,             )
                        )
v.                      )    CIVIL ACTION NO. 3:19-00534
                        )    (Criminal No. 3:13-00145)
UNITED STATES OF AMERICA, )
                        )
    Respondent.         )

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on July 22, 2019 and Supplemental Section 2255 Motions on March 3, 2020 and August 26, 2020.[1] (Document Nos. 67, 71, 72.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 68.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A**    **Criminal Action No. 3:13-00145:**

On March 31, 2014, Movant pled guilty to one count of Distribution of a Quantity of Heroin in violation of 21 U.S.C. § 841(a)(1) (Count Two of Superseding Indictment) and one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three of Superseding Indictment). (Criminal Action No. 3:13-00145, Document No. 29, 32, and 33.) A Presentence Investigation Report was prepared. (Id., Document

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 44.) The District Court determined that Movant had an Base Offense Level of 12, and a Total Offense Level of 29, the Court having applied the following: A two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because Movant possessed a firearm; an enhancement to an adjusted offense level of 32 pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status;[1] and a three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., pp. 6 - 7.) The District Court sentenced Movant on June 7, 2014, to serve a total term of 144 months of incarceration to be followed by a three-year term of supervised release.[2] (Id., Document Nos. 40 and 42.) The District Court further imposed a $200 special assessment. (Id.) Movant did not file an appeal with the Fourth Circuit Court of Appeals.

**B.　Section 2255 Motion:**

On June 23, 2016, Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece and Research and Writing Specialist Jonathan D. Byrne, filed his "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255." (Civil Action No. 3:16-5692, Document No. 49.) In support of his Motion, Movant alleged that he was entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant argued that he is entitled to relief under "Section 2255(h)(2) because Johnson established a 'new rule of constitutional law' that has been 'made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (Id.) Movant contended that in light of Johnson, he "is no longer a career offender

---

[1] The predicate offenses relied upon was a conviction for Robbery in Ohio and Unlawful wounding in West Virginia. (Criminal Action No. 3:13-00145, Document No. 44, pp. 8 - 9.)

[2] The District Court determined that Movant was subject to the advisory guideline range of 151 to 188 months, but chose to vary downward based on factors sets forth in the Statement of Reasons. (Criminal Action No. 3:13-00145, Document No. 43.)

because his prior convictions for robbery in Ohio and unlawful wounding in West Virginia no longer qualify as crimes of violence under any portion of the career offender definition." (Id.) Movant explained that in Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argued that "[i]t follows that the identical residual clause in the career offender provision, U.S.S.G. § 4B1.2(a)(2), is also void for vagueness." (Id.) Movant claimed that his prior convictions no longer qualified as crimes of violence under the enumerated offenses or the force clause of the career offender provision. (Id.) Movant, therefore, asserted that "in light of *Johnson*, [he] no longer qualifies as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a)." (Id.)

On September 7, 2016, the United States filed a Motion to Dismiss Movant's Section 2255 Motion. (Id., Document No. 55.) By Proposed Findings and Recommendation entered on October 19, 2017, the undersigned recommended that Movant's Section 2255 Motion be denied based on Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886 (2017). (Id., Document No. 60.) Movant failed to file any Objections. By Memorandum Opinion and Judgment Order entered on November 9, 2017, United States District Judge Robert C. Chambers adopted the undersigned's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 61 and 62.)

**3.     Second Section 2255 Motion:**

On July 22, 2019, Movant filed his instant Section 2255 Motion. (Civil Action No. 3:19-00534, Document No. 67.) In his Section 2255 Motion, Movant alleges that he is entitled to relief based upon the following: (1) Trial counsel was ineffective in failing to challenge his designation as a career offender under the Sentencing Guidelines "both before and during my sentencing;" (2) Based upon United States v. Winbush, No. 17-7148 (4th Cir. 2019), Movant's

3

robbery conviction no longer qualifies as a crime of violence to support his career offender enhancement. (Id.)

On March 3, 2020, Movant filed his letter-form Supplement to his Section 2255. (Id., Document No. 71.) Movant argues that trial counsel was ineffective in failing to challenge his career offender designation based upon an unlawful wounding conviction "out of the 4th Circuit" and a robbery conviction "out of the 6th Circuit." (Id.) Movant argues that neither of the above convictions could properly be used as predicate offense for his career offender enhancement. (Id.)

On August 26, 2020, Movant filed his Second Supplemental Section 2255 Motion. (Id., Document No. 72.) Specifically, Movant continues to argue that he is entitled to relief based upon Winbush. (Id.) Movant states that his "case is a near perfect mirror image of the Winbush case made public after the Supreme Court decision in 2019." (Id.) Movant again argues that his unlawful wounding and robbery convictions were improperly used as predicate offenses for his career offender enhancement. (Id.)

## **ANALYSIS**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which

inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding

under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law.[3] "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once

---

[3] Based upon *Winbush*, Movant alleges that he is entitled to *habeas* relief. In *United States v. Winbush*, 922 F.3d 227 (2019), the Fourth Circuit held that a court cannot substitute one conviction for another in sustaining a defendant's career offender status when the substituted conviction was not identified as a predicate offense at sentencing. *Id. Winbush* is clearly inapplicable to Movant's case. The District Court did not substitute any conviction, much less a conviction not identified as a predicate offense at sentencing, to sustain Movant's status as a career offender. (Criminal Action No. 3:13-00145, Document No. 44, pp. 7 – 8.) Thus, *Winbush* is inapplicable to Movant's case. As in his prior Section 2255 Motion, Movant is again arguing that his predicate offenses (unlawful wounding and robbery) were improperly identified as "crimes of violence" for purposes of his career offender enhancement. This Court has already considered and rejected this claim. Movant cannot meet the requirements for filing a successive Section 2255 Motion by merely supplementing the same challenge with a claim of ineffective

before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.

### PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Supplemental Section 2255 Motions (Document Nos. 67, 71, 72), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

assistance of counsel.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: September 28, 2020.

Omar J. Aboulhosn
United States Magistrate Judge