IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANTONIO MICHAEL SMITH

        Movant,

v.                                     CIVIL ACTION NO.   3:19-00534
                                          (Criminal No. 3:13-00145)

UNITED STATES OF AMERICA

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Movant Antonio Smith's Objection to the Proposed Findings and Recommendation ("PF&R") issued on September 28, 2020 by Magistrate Judge Omar J. Aboulhosn. Objection, ECF No. 76; PF&R, ECF No. 74. For the reasons set forth below, the Court **DENIES** Movant's Objection and **ADOPTS AND INCORPORATES HEREIN** the PF&R. Consistent with these decisions, the Court **DISMISSES** Movant's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 67. The Court also **DISMISSES** Movant's supplemental motions. ECF No. 71 and ECF No. 72. Finally, the Court **ORDERS** this case stricken from its docket.

**I.    RELEVANT BACKGROUND**

While the factual and procedural history of this case is thoroughly discussed in Magistrate Judge Aboulhosn's Proposed Findings and Recommendation ("PF&R"), the Court will undertake a brief review of the essential elements of its background before proceeding further.

On March 31, 2014, Movant Smith pled guilty to two counts of a superseding indictment: (1) Distribution of a Quantity of Heroin in violation of 21 U.S.C. § 841(a)(1) and (2) being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action

No 3:13-00145: Plea Hearing, ECF No. 29; Plea, ECF No. 33.) On July 7, 2014, this Court held a sentencing hearing. (Criminal Action: ECF No. 40.) At that hearing, the Court calculated Movant's Sentencing Guideline Offense Level and in doing so determined that Movant fit the Guidelines criteria for "career offender" status. The enhancement was based upon two prior convictions: a robbery conviction in Ohio and an unlawful wounding conviction in West Virginia. (Criminal Action: PSR, 44). With the career offender designation, Movant's final offense level was 31.[1] (Criminal Action: ECF No. 40.) Following this calculation and arguments by the Movant's counsel and the Government, the Court sentenced Movant to 144 months of incarceration and three years of supervised release. (Criminal Action: Judgment, ECF No. 42.) Movant did not file an appeal of his sentence.

On June 23, 2016, Movant filed his first motion pursuant to 28 U.S.C. § 2255. (Civil Action No. 16-5692, ECF No. 49.) In that motion, Movant argued that his career offender designation was unconstitutional pursuant to *Johnson v. United States*, 576 U.S. 591 (2015).[2] *Id.* Magistrate Judge Aboulhosn authored a PF&R in which he recommended that the Movant's motion be denied. (Civil Action No. 16-5692: ECF No. 60.) This Court adopted that PF&R on November 9, 2017. (Civil Action No. 16-5692: ECF No. 61.)

---

[1] Magistrate Judge Aboulhosn's PF&R notes that Movant's final offense level was 29. (PF&R 2.) The Court's Daybook Entry and the Statement of Reasons filed by the Court confirm that the final level was 31. (Criminal Action: ECF No. 40; SOR, ECF No. 43). This discrepancy does not affect the findings made by Magistrate Judge Aboulhosn or this Court.

[2] In *Johnson v. United States*, the Supreme Court found that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally void for vagueness. 576 U.S. 591, 606 (2015). In Movant's first § 2255 motion, he argued that *Johnson* required the Court to find the residual clause in § 4B1.1(a)(2) of the Sentencing Guidelines unconstitutional. (Civil Action No. 16-5692: Mot. 4–7, ECF No. 49.) He further argued that his prior convictions no longer qualified as crimes of violence to support a career offender designation. *Id.* at 7. In his PF&R on that motion, Magistrate Judge Aboulhosn concluded that Movant's arguments failed because "[o]n March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to the void for vagueness challenge under the Fifth Amendment in light of *Johnson*." (Civil Action No. 16-5692: PF&R 7, ECF No. 60) (citing *Beckles v. United States*, 137 S. Ct. 886 (2017)). This Court ultimately adopted that finding. (Civil Action No. 16-5692: Order, ECF No. 61.)

On July 22, 2019, Movant filed a second § 2255 motion in which he argues that he is entitled to relief based on ineffective assistance of counsel and under a recent Fourth Circuit opinion, *United States v. Winbush*, 922 F.3d 227 (4th Cir. 2019). (Mot., ECF No. 67.)

The motion was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge submitted findings of fact and recommendation. (ECF No. 74.) In his PF&R, Magistrate Judge Aboulhosn found that Movant's motion is as "successive proceeding under Section 2255." *Id.* at 5–6. Noting that § 2255 requires successive habeas motions to be authorized by a court of appeals, Magistrate Judge Aboulhosn found that Movant "failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive Motion." *Id.* at 6. Consequently, Magistrate Judge Aboulhosn recommended that the Court deny Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. *Id.* at 7. The Movant then filed this objection.

## II. LEGAL STANDARD

Where a party is proceeding *pro se*, the Court will liberally construe his pleadings and objections. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In reviewing objections to a PF&R, the Court must conduct a *de novo* review of those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). On the other hand, the Court is not obligated to conduct a review of factual and legal conclusions to which a party does *not* object. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor is the Court tasked with conducting *de novo* review of "general and conclusory" objections; instead, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47

(4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). Finally, the Court possesses the wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). With this framework in mind, the Court turns to a consideration of Movant's pending objections.

### III.   ANALYSIS

Federal habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). AEDPA strictly limits the ability of federal prisoners to file more than one habeas petition. *Id.* Specifically, the law provides that movants filing a second or successive motion must seek authorization from the applicable court of appeals before the district court may consider the motion. 28 U.S.C. § 2255(h).[3] If a movant files a second or successive petition in the district court without first seeking authorization from the court of appeals, the district court must dismiss the petition for lack of jurisdiction. *See United States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014); *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

In his letter-form objection, Movant admits that he "did not go through the proper [channels] to file [his] 2255 motion," but reasons that he failed to do so because he is uneducated

---

[3] Subsection (h) provides:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244(b)(3) provides in relevant part:
> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

in the law. Objection 1, ECF No. 76. The Court does not deny the complexity of the law and the difficulties it can pose to pro se individuals. Nevertheless, because the Movant did not seek proper authorization to file his second § 2255 motion, the Court lacks jurisdiction to decide it on the merits.[4] *See Joy*, 585 F. App'x at 34. Accordingly, the Court is required to deny the Defendant's Objection and dismiss the Movant's § 2255 Motion.

## IV. CONCLUSION

For the reasons stated, the Court **DENIES** Movant's Objection, ECF No. 76, and **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendation, ECF No. 74. The Court further **DISMISSES** Movant's pending motions, ECF Nos. 67, 71, and 72. As a final matter, the Court **ORDERS** this case stricken from its docket.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, as well as to any unrepresented parties.

ENTER:   December 11, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Movant's objections were largely based whether he is entitled to obtain authorization from the Fourth Circuit Court of Appeals to file a successive petition and whether *United States v. Winbush*, 922 F.3d 227, is applicable to his case. Objections 2–5. Because these objections have no bearing on this Court's ability to hear the Movant's petition, the Court does not address them in detail. Nonetheless, the Court agrees with the conclusions Magistrate Judge Aboulhosn made in footnote 3 of the PF&R.